# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Tiburzi Chiropractic v. Kline*, 2013 IL App (4th) 121113

| | |
|---|---|
| Appellate Court Caption | TIBURZI CHIROPRACTIC, an Illinois Corporation, Plaintiff-Appellee, v. DAVID KLINE, Defendant-Appellant, and ROVEY SEED COMPANY, INC., an Illinois Corporation, Third-Party Defendant. |
| District & No. | Fourth District<br>Docket No. 4-12-1113 |
| Filed | September 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a chiropractor's small claims action to collect for services provided to treat defendant's work-related injury, the trial court erred in awarding plaintiff a judgment, since defendant had filed a workers' compensation claim and the chiropractor's bill, as conformed to the fee schedule set forth in the workers' compensation statute, was paid pursuant to the settlement contract lump-sum petition and order in defendant's workers' compensation case, and although the amount paid was less than the amount the chiropractor sought from defendant, the chiropractor was not entitled to recover the balance of its bill from defendant, but the judgment was modified to allow the chiropractor to recover for items supplied by the chiropractor that were not compensable under the Act. |
| Decision Under Review | Appeal from the Circuit Court of Macoupin County, No. 11-SC-109; the Hon. Joshua A. Meyer, Judge, presiding. |
| Judgment | Affirmed as modified. |

| Counsel on Appeal | Timothy F. Campbell, of Campbell & McGrady, of Godfrey, for appellant. |
|---|---|
| | Rick Verticchio, of Verticchio & Verticchio, of Carlinville, for appellee. |

| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Pope and Harris concurred in the judgment and opinion. |
|---|---|

**OPINION**

¶ 1    In May 2011, plaintiff, Tiburzi Chiropractic, filed a small-claims complaint against defendant, David Kline, to collect the balance of fees charged following the performance of chiropractic services. In November 2012, the trial court found in favor of plaintiff and ordered defendant to pay $2,155.

¶ 2    On appeal, defendant argues the trial court erred in entering a money judgment in favor of plaintiff. We affirm as modified.

¶ 3                              I. BACKGROUND

¶ 4    In October 2008, defendant suffered an injury while working for third-party defendant, Rovey Seed Company, Inc. Thereafter he filed a workers' compensation claim. Defendant sought and received treatment from plaintiff's office in Carlinville. In August 2010, defendant and third-party defendant entered into a settlement contract lump-sum petition and order, whereby third-party defendant agreed to satisfy, pursuant to the fee schedule, all medical bills for medically causally related treatment received on or before June 10, 2010.

¶ 5    In March 2011, plaintiff filed a small-claims complaint against defendant, alleging defendant was indebted to plaintiff in the sum of $2,336.60 for an overdue account related to chiropractic and related services. Plaintiff claimed defendant refused to pay and no part had been paid despite being requested to do so.

¶ 6    In May 2012, defendant filed a petition and application under section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2010)) for judgment on a workers' compensation award. Defendant attached a certified copy of the final award to the petition. Defendant also stated his belief that plaintiff alleged defendant and/or third-party defendant had failed to satisfy, pursuant to the fee schedule, certain medical bills incurred by defendant. He stated he had demanded third-party defendant pay all such bills pursuant to the fee schedule and third-party defendant had claimed it made full payment.

¶ 7    In July 2012, the trial court entered an order on defendant's section 19(g) petition. The court found third-party defendant had made full payment pursuant to the terms of the

settlement contract lump-sum petition and order, including payment pursuant to the fee schedule and section 8 of the Act of "all medical bills for medically causally related treatment, including, but not limited to, any bills for medical treatment provided by [plaintiff]." The court held defendant and third-party defendant had met all of their obligations under the Act. The court denied defendant's demand for additional payment, costs, fees, and interest because "all medical bills, including, but not limited to, the bills from [plaintiff] have been satisfied pursuant to the [Act]."

¶ 8        In November 2012, the trial court conducted a bench trial on plaintiff's complaint. The proceedings were not transcribed, but the court entered a bystander's report pursuant to Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005). The report stated, in part, as follows:

"a. Kline testified that he sustained an injury at work on October 7, 2008[,] and filed a workers' compensation claim pursuant to 820 ILCS 305 (the Illinois Workers' Compensation Act or the 'Act'). His trial counsel noted that Section 8.2 of the Act contained a fee schedule in effect for physicians' services rendered after February 1, 2006. Kline further testified that he sought treatment by Tiburzi, a chiropractor, at his Carlinville office for the injury that he had sustained. Kline's counsel pointed out that on August 2, 2010[,] Kline and his employer had entered into a settlement contract, approved by the Illinois Workers' Compensation Commission, requiring, among other things, that the employer pay for Kline's medical treatment, subject to the medical fee schedule of the Act. Kline's counsel pointed out further that Kline had filed a third party complaint against his employer alleging that it had not paid Tiburzi in full according to the fee schedule, that following the filing of the third party complaint the employer conducted a utilization review and paid the Tiburzi bill according to the fee schedule, and that the court entered an order on July 12, 2012[,] dismissing the third party complaint. Kline's lawyer argued that the provisions of the Act apply to any contractual relationship formed by Tiburzi and Kline, that payment according to the fee schedule satisfies Kline's obligation to Tiburzi under the Act, and that Tiburzi's acceptance estops or otherwise bars further recovery.

b. Tiburzi testified that, when Kline came to his first visit, he doubted that any prospective treatment by him for Kline would qualify for payment under the Act, because he was the third physician. Tiburzi testified that Kline requested a specific type of treatment and that Kline advised Tiburzi that his attorney agreed he would be paid for the treatment. Tiburzi advised Kline that he would accept him as a patient; however, he would be required to pay the cost for the treatment in full even if not covered by the workers' compensation insurance carrier. Tiburzi testified that the parties reached an oral agreement to that effect and that Kline signed an agreement consistent with the parties' oral statement guaranteeing payment in full as a private pay patient. Tiburzi testified that on several occasions he submitted his bill, in the amount of $3,000.00, to Kline's employer's workers' compensation insurance company. The carrier, according to Tiburzi, paid $663.40 and he applied that amount to the bill. He sued Kline in this proceeding for the balance of $2,336.60. After the filing of the third party complaint, Kline's workers' compensation insurance company paid an additional $326.60, which Tiburzi credited to

-3-

the bill, resulting in a balance due, of $2,010.00. Tiburzi's lawyer argued that the private pay agreement of the parties superseded the fee restrictions of the Workers' Compensation Act in that the Act did not apply in the context of the parties['] contractual relationship and was allowed by the Workers' Compensation Act.

  c. The trial court after hearing the testimony of both parties made a finding accepting Tiburzi's version of the parties['] statements and agreements and found that Kline and Tiburzi had entered into a binding and enforceable agreement that was controlling, if allowed under the law."

The court ordered defendant to pay $2,010 for chiropractic services, plus court costs of $145, for a total of $2,155. This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant argues the trial court erred in entering a money judgment in favor of plaintiff for treatment rendered under and paid pursuant to the Act based on the private-pay agreement. "Under section 8(a) of the Act (820 ILCS 305/8(a) (West 2006)), a claimant is entitled to recover reasonable medical expenses, the incurrence of which are causally related to an accident arising out of and in the scope of [his] employment and which are necessary to diagnose, relieve, or cure the effects of the claimant's injury." *Absolute Cleaning/SVMBL v. Illinois Workers' Compensation Comm'n*, 409 Ill. App. 3d 463, 470, 949 N.E.2d 1158, 1165 (2011). Medical expenses are governed by section 8(a) of the Act (820 ILCS 305/8(a) (West 2010)), which states, in part, as follows:

  "The employer shall provide and pay the negotiated rate, if applicable, or the lesser of the health care provider's actual charges or according to a fee schedule, subject to Section 8.2, in effect at the time the service was rendered for all the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter incurred, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury."

Pursuant to the Act, the employer must adjust the medical bills to conform to the fee schedule found in section 8.2. 820 ILCS 305/8.2 (West 2010). "Except as provided under subsections (e-5), (e-10), (e-15), and (e-20), a provider shall not bill or otherwise attempt to recover from the employee the difference between the provider's charge and the amount paid by the employer or the insurer on a compensable injury." 820 ILCS 305/8.2(e) (West 2010).

¶ 11    In the case *sub judice*, plaintiff relies on the exception in subsection (e-20) (820 ILCS 305/8.2(e-20) (West 2010)), which states as follows:

  "Upon a final award or judgment by an Arbitrator or the Commission, or a settlement agreed to by the employer and the employee, a provider may resume any and all efforts to collect payment from the employee for the services rendered to the employee and the employee shall be responsible for payment of any outstanding bills for a procedure, treatment, or service rendered by a provider as well as the interest awarded under subsection (d) of this Section. In the case of a procedure, treatment, or service deemed compensable, the provider shall not require a payment rate, excluding the interest provisions under subsection (d), greater than the lesser of the actual charge or the

-4-

payment level set by the Commission in the fee schedule established in this Section. Payment for services deemed not covered or not compensable under this Act is the responsibility of the employee unless a provider and employee have agreed otherwise in writing. Services not covered or not compensable under this Act are not subject to the fee schedule in this Section."

Plaintiff argues subsection (e-20) supports the trial court's judgment based on its finding that the parties had entered into a private agreement, whereby defendant guaranteed payment to plaintiff for services he specifically requested. Defendant, however, argues the court held the employer paid in full according to the fee schedule. Thus, defendant contends that since plaintiff's services were covered and compensable under the Act, and thereby subject to the fee-schedule rate, plaintiff is not entitled to recover the balance of its bill. We agree with defendant that plaintiff's compensable services under the Act are not recoverable.

¶ 12    Contrary to plaintiff's argument, it did not treat defendant as a private-pay patient. Instead, plaintiff submitted its bill to defendant's workers' compensation insurance carrier. The exhibits offered at trial reflect that except for 20 cold packs ($10 each), the chiropractic services were deemed compensable by the insurer and were paid at the fee-schedule rate. Thus, plaintiff, as the provider, "shall not require a payment rate *** greater than the lesser of the actual charge or the payment level set by the Commission in the fee schedule established." 820 ILCS 305/8.2(e-20) (West 2010). Accordingly, the trial court erred in awarding plaintiff a monetary judgment in the amount of $2,010.

¶ 13    Although we find subsection (e-20) does not allow plaintiff to recover for compensable services in excess of the fee schedule, we find it does allow plaintiff to recover for services not compensable. Specifically, "[p]ayment for services deemed not covered or not compensable under this Act is the responsibility of the employee unless a provider and employee have agreed otherwise in writing." 820 ILCS 305/8.2(e-20) (West 2010). Here, the workers' compensation insurer paid nothing for the 20 cold packs, each billed in the amount of $10. Thus, plaintiff is entitled to judgment in the amount of $200, plus costs.

¶ 14                                   III. CONCLUSION

¶ 15    For the reasons stated and pursuant to Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we affirm the monetary judgment in favor of plaintiff and against defendant but reduce the amount awarded to $200, plus court costs of $145, for a total of $345.

¶ 16    Affirmed as modified.